OLE WINGER *vs.* FIRST DIVISION OF THE ST. PAUL & PACIFIC RAILROAD COMPANY.

May 20, 1875.

Fencing of Railroads.—The case of *Devine* v. *St. Paul & Sioux City Railroad Company* (*ante* p. 8) followed and approved as to the construction of Laws 1872, ch. 25.

Action to recover damages for the alleged negligent killing of plaintiff's cow. Trial in the district court for Anoka county, before *Vanderburgh*, J., (a jury being waived,) upon whose findings judgment was entered for the plaintiff, from which the defendant appeals. The only negligence alleged by plaintiff, or found by the court, was the defendant's omission to fence its road.

*Bigelow, Flandrau & Clark*, for appellant.

*W. Hammons*, for respondent.

CORNELL, J. The defendant corporation was organized,

and is operating its railroad, under a special charter, and not under the general laws of the state providing for the creation of railroad companies. Its charter, as amended and in force at the time of the commission of the act complained of, provides as follows: "Whenever, after cars commence running on said road or branch, any owner or occupant of lands adjoining the same shall enclose his or her lands by constructing a fence on the line of said railroad, said company shall construct and maintain one-half of the same as a partition fence, the other half to be erected and maintained by the owner or occupant of such adjoining land; and all fences erected on the line of said road, which may form part of any adjoining enclosure, shall be regarded as a partition fence, subject to the laws now or hereafter in force regulating such fences between individuals. Said company shall construct and maintain suitable cattle-guards at all public road-crossings, except street-crossings in towns and cities, and, at the request of the respective owners through whose lands the said road passes, shall make and maintain such reasonable farm-crossings as shall be necessary to accommodate said land owners; and the said company shall be liable for all damages sustained by any person by reason of any neglect on the part of said company to comply with the provisions of this section, unless the same shall arise from the carelessness, negligence, or misconduct of the person, his agents or servants, who may suffer damage." Sp. Laws 1862, ch. 20, § 7.

It is not claimed that any obligation or duty, imposed upon the company by the foregoing provisions of its charter, has been violated or disregarded, or that the alleged injury resulted therefrom. It is contended, however, by the respondent that this company is subject to the duties, obligations and liabilities imposed by Laws 1872, ch. 25, §§ 1 and 2, and that a failure to build and maintain a good and substantial fence on each side of its road, in accordance with said § 1, was an act of negligence, for which a recovery can be

had in this action. Such omission is the only negligence charged against the defendant or found by the court below, and constitutes the only ground upon which its judgment can be sustained.

In construing this statute of February 27, 1872, this court, in the case of *Devine* v. *St. Paul & Sioux City Railroad Company*, recently decided, (*ante* p. 8,) held that such act has reference to two distinct classes of railroad corporations, the one operating under special charters containing provisions and requirements in regard to fencing, and the other under general laws, or charters silent upon that subject, and that, as to the former class, the first three sections of the act in question are not applicable. The decision in that case must govern this, and renders unnecessary and improper the consideration of the other questions raised and discussed by counsel.

Judgment reversed.